Hamilton Circuit Court.

## JOINT JUDGMENTS.

[Hamilton Circuit Court, 1901.]

### JOHN DUNPHY ET AL. v. GILLIAM MANUFACTURING CO. ET AL.

1. APPEARANCE PRESUMED TO BE GENERAL.
    An appearance will be taken to be general unless the contrary appears.

2. JOINT LIABILITY.
    L was in the possession of a fund, the proceeds of property sold on commission, in which property G and D claimed interests, to the knowledge of L; D had admitted to L that the money could not safely be paid to D or G without the consent of the other. L paid the money to D without G's knowledge or consent, G having established his interest in the property and claim on the fund, he is held entitled to judgment against L and D.

3. JOINT JUDGMENT.
    Where the defendants are both liable for acts done in connection with the same transaction and to the same extent and amount, a joint judgment is proper.

*Herron, Gatch & Herron* and *W. W. Ramsey*, for plaintiffs in error.

*Lynch & Day* and *Kittredge & Wilby*, for defendants in error.

PER CURIAM.

There is no difficulty in understanding the figures in this case and how the court below arrived at the amount of its judgment if one consults the original petition, the amended petition and the subsequent corrections made to the amended petition in the judgment entry to conform the pleadings to the facts. This amount having been ascertained, there seems to be no contention that it is against the weight of the evidence, and if there were, we have no disposition to disturb the finding of the court below in this regard.

This then is the amount which the court would make payable by its decree if it ordered its payment out of a fund within its jurisdiction, or would be the amount of the court's judgment against either or both defendants, severally or jointly, dependent upon the court's conclusions on the other questions in the case.

There is no doubt about the court's jurisdiction over the American Oak Leather Company and that said leather company was interested in the issue which was tried between the plaintiff below and Dunphy & Sons, inasmuch as that within the limits of the prayer and the fund in its hands fixed the amount of the leather company's liability to plaintiff, if any.

As to the court's jurisdiction over Dunphy & Sons, said Dunphy & Sons voluntarily entered their appearance and submitted themselves to the jurisdiction of the court without reservation or limitation and by their two answers tendered the very issue which was tried.

"An appearance will be taken to be general unless the contrary appears." 1 Am. & Eng. Ency. Law, (1 ed.), p. 183.

On the eve of the beginning of the action in the court below, the leather company being fully informed of the claim which the Gilliam Manufacturing Company made against the fund in its hands, said fund being ample to cover said claim, and being in possession of the admission on the part of Dunphy & Sons that the Gilliam Manufacturing Company had a claim upon the fund, and that the leather company could not safely pay the money to one without the consent of the other, said

leather company at its peril and either denying or ignoring the rights of the Gilliam Manufacturing Company, at the solicitation of Dunphy & Sons, paid the whole of said fund over to them. Swan's Treatise, p. 418, Sec. 4, and cases cited.

In this transaction the leather company and Dunphy & Sons joined, and in violation of the asserted rights of the Gilliam Manufacturing Company.

Everything which transpired was connected with the same subject matter and were acts and circumstances involved in one general transaction, and which by the united action of the two defendants below resulted in the plaintiff being deprived of the present payment of a sum which the court found due.

By their conduct in regard to this fund the defendants rendered themselves equally and jointly liable. There is no difference in the amount of defendants' liability, the same amount being due from each and both of them, of course being payable but once. These conditions therefore seem to present a proper case for the entry of a joint judgment. Black on Judgments, par. 210.

" The defendants must each be shown to be liable to the extent of the verdict in order that a joint judgment should be rendered against them."

And it would seem that where the defendants are liable to the same extent and amount, although their liability rested on distinct items of damages, a joint judgment would be proper. Chambers v. Upton, 34 Fed. Rep , 473-4.

We do not find a variance between the case set out against the leather company in the pleadings and that made by the evidence. The aspects of the case changed, but counsel by amendment kept the pleadings up to the developments of the case. These amendments did not substantially change the plaintiff's claim which always went to the fund, the proceeds of property to which it claimed title, to the knowledge of the leather company before it paid the same to Dunphy & Sons. It is plain from the correspondence of Dunphy & Sons that they at no time considered their title to the property clear.

The fact that the prayer of the amended petition asks for judgment against Dunphy & Sons does not indicate an abandonment of the prayer in the original petition for judgment against the leather company.

We are of opinion that this case was correctly decided below.

Judgment affirmed.